IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD K. SWEITZER     *
4498 Mountain Road
Pasadena, MD 21122     *

   Plaintiff     *

   vs.     *
                                                                                                                   No.:

HARTFORD LIFE AND ACCIDENT INSURANCE CO. *
P.O. Box 14306
Lexington, KY 40512-4306     *

Serve:     *
Alfred Redmer, Jr.
Insurance Commissioner for the State of Maryland     *
200 St. Paul Place
Suite 2700     *
Baltimore, MD 21202-2272
    *

   Defendant
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **COMPLAINT**

Now comes the Plaintiff, Richard K. Sweitzer, by and through his attorney, Keith R. Siskind and the Law Offices of Steinhardt, Siskind and Lieberman, LLC, and files this Complaint against the Defendant, and in furtherance thereof states as follows:

### **Jurisdiction**

1. That this Court has jurisdiction over the parties of this cause of action pursuant to Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative or internal appeal of benefit denials.

3. That this Court has jurisdiction of the subject matter as the long term disability plan issued by the Defendant to the Trustee of the Service Industry Group Voluntary Life

1

and Disability Insurance Trust, with Exelon Corporation as a participating employee, effective date of August 1, 1989, is a qualified Employee Welfare Benefit Plan regulated by the Employment Retirement Security Act of 1974, 29 USC, § 1001, et seq. (The Plan).

## Venue

4. That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2), 28 USC, § 1391, in that the Plaintiff resides in the State of Maryland, is employed in the State of Maryland, and the cause of action arose in the State of Maryland.

## The Parties

5. That the Plaintiff, Richard K. Sweitzer, is an individual, a citizen of the State of Maryland, residing at 4498 Mountain Road, Pasadena, MD 21122.

6. That the Defendant, Hartford Life and Accident Insurance Co., entered into a contract of insurance with the Trustee of the Service Industry Group Voluntary Life and Disability Insurance Trust, with participating employer, Exelon Corporation, to provide long term disability benefits to employees of Exelon.

## Statement of Facts

7. That the Plaintiff was employed as a Senior Engineering Tech Specialist for Exelon Corporation.

8. That the Plaintiff ceased working as of December 27, 2016 as a consequence of progressive symptoms that he had been experiencing due to a long history of back problems. Plaintiff has undergone multiple lumbar surgeries.

9. That the Plaintiff was approved for short term disability benefits and transitioned to

long term disability benefits in June, 2017. Plaintiff was also approved for Social Security Disability benefits.

10. That in a letter dated September 16, 2019 the Defendant denied long term disability benefits to the Plaintiff beyond September 11, 2019. **See Exhibit 1.**

11. That Plaintiff, on his own behalf, filed an administrative appeal. **See Exhibit 2.**

12. That on November 1, 2019 the Defendant upheld its original decision to deny long term disability benefits beyond September 11, 2019. **See Exhibit 3.**

13. This decision represented a final decision exhausting the Plaintiff's administrative remedies.

14. That at issue in this case is the policy language of the Defendant's plan. Pursuant to the plan the definition of disability is as follows:

> *Disability or Disabled means You are prevented from performing one or more of the Essential Duties of:*
>
> 1) *Your Occupation during the Elimination Period;*
> 2) *Your Occupation, for the 24 months following the Elimination Period; and*
> 3) *after that, Any Occupation.*
>
> *Your Disability must be the result of:*
>
> 1) *accidental bodily injury;*
> 2) *Sickness;*
> 3) *Mental Illness;*
> 4) *Substance Abuse; or*
> 5) *pregnancy.*

15. Additionally, the plan defines any occupation as follows:

> *Any Occupation means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than the lesser of:*

> 1)  the product of Your Indexed Pre-disability Earnings and the Benefit Percentage; or
> 2)  the Maximum Monthly Benefit.

16. That since Plaintiff received more than 24 months of long term disability benefits then, at issue, is whether or not Plaintiff is prevented from performing one or more of the essential duties of any occupation that he is qualified for by virtue of his education, training and experience.

## *Count I*

17. The Plaintiff reasserts and incorporates each and every fact and allegation as set forth in paragraphs 1-16 as fully and completely as if set forth herein.

18. That pursuant to 29 U.S.C. §1132(a)(1) "a civil action may be brought… by a participant or a beneficiary… B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

19. That the Plaintiff contends that he is disabled and unable to perform the essential duties of any occupation.

20. That the Plaintiff contends that the Defendant did not conduct a full and fair review and that the decision to deny long term disability benefits was unreasonable and not supported by substantial evidence.

21. That the Plaintiff contends that the Administrative Record contains substantial evidence to document the Plaintiff's disability and that the Defendant has ignored reliable evidence submitted by the Plaintiff. The medical and other evidence submitted on behalf of the Plaintiff demonstrates that the Plaintiff is precluded from

performing the essential duties of any occupation that he is qualified for by virtue of his education, training or experience.

22. That since the Defendant has failed to reasonably consider the evidence then the decision to deny benefits under the plan is arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.

23. That as a direct and proximate result of the aforesaid actions the Defendant is in breach of its agreement to provide long term disability benefits under the plan.

24. That pursuant to the plan Plaintiff is eligible for 70% of his pre-disability earnings. Therefore, Plaintiff is eligible for a monthly benefit of $ 3,808.00 after an offset for Social Security Disability benefits.  Between September, 2019 and February, 2020 Plaintiff is owed long term disability benefits in the amount of $ 19,040.00.  Benefits continue at the rate of $ 3,808.00 per month through the maximum duration of the plan which is age 67.

25. That as a direct and proximate result of the Defendant's actions the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

### *Count II*

26. That the Plaintiff hereby adopts and incorporates by reference all of the previous allegations set forth in paragraphs 1 – 25.

27. That pursuant to 29 U.S.C. §1132(c)(1) the Defendant has an obligation to comply with a request for information from the Plaintiff.

28. That on January 22, 2020 the Plaintiff, through the undersigned counsel, forwarded a letter to the Defendant requesting a complete copy of Plaintiff's Administrative Record including all plan documents.  **See Exhibit 4.**

29. That the Defendant responded on February 11, 2020 but did not include the applicable insurance plan, plan documents or claim activity notes. A subsequent letter was forwarded to the Defendant on February 18, 2020 further requesting the information and notifying the Defendant of its violation of this provision. **See Exhibit 5.**

30. That despite these requests the Defendant has failed to produce all plan documents.

31. That the Defendant is therefore in violation of 29 U.S.C. §1132(c)(1) and subject to penalties of up to $ 100.00 per day and other relief as the Court deems proper.

WHEREFORE, the Plaintiff prays for the following relief:

a. That this Court order the Defendant to pay the Plaintiff all long term disability benefits due to the Plaintiff pursuant the plan, said benefits beginning September 11, 2019;

b. Granting the Plaintiff a monetary judgment against the Defendant for all amounts due and owing, including prejudgment interest;

c. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132 including pre-judgment interest;

d. That this Court assess the Defendant with a penalty in an amount up to $ 100.00 per day for the Defendant's failure to produce a complete copy of the Administrative Record and all plan documents; and

e. For any and all other relief to which the Plaintiff may be entitled or the nature of this cause of action may require.

*/s/ Keith R. Siskind, Esquire*
Keith R. Siskind, Esquire
Steinhardt, Siskind and Associates, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
Attorney for Plaintiff
Trial Bar # 04415